UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| GREGORY T. GILBERT,<br>    *Plaintiff*, | )<br>)<br>) | |
| *vs.* | ) | 1:10-cv-646-JMS-DML |
| | ) | |
| TRUGREEN LLP,<br>    *Defendant*. | )<br>)<br>) | |

## ORDER

Plaintiff Gregory Gilbert filed this action for age discrimination and disability discrimination against Defendant Trugreen LLP ("Trugreen") in April 2010. Presently before the Court is Trugreen's Motion to Dismiss Mr. Gilbert's Complaint. [Dkt. 10.]

### I.

#### BACKGROUND

Mr. Gilbert, an African-American man, was an employee of Trugreen, a lawn-care company, from March 2003 until October 2008. [Dkt. 1-3 at 1.] Mr. Gilbert worked hard to meet Trugreen's expectations during his employment. [*Id*. at 2; dkt 14 at 3.]

In January 2005, Mr. Gilbert went to the emergency room to be treated for a staph infection. [Dkt. 1-3 at 2-3.] Despite his infection, he continued working "as many as seventy hours per week" on "labor-intensive" lawn-care. [*Id*.] In September 2008, Mr. Gilbert became sick again. [Dkt. 1-3 at 3.] He made several trips to the hospital, [dkt. 14-1], and missed about one week of work, [dkt. 1-3 at 3].

On October 15, 2008, "at the beginning of the layoff period," Mr. Gilbert was terminated from his employment with Trugreen. [Dkt. 14 at 2.]

On April 22, 2010, Mr. Gilbert filed a Charge of Discrimination ("Charge") with the Indianapolis District Office of the Equal Employment Opportunity Commission ("EEOC"), claiming that he was terminated from his employment based on his race, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). [Dkt. 1-1.] The EEOC dismissed that Charge because it was not timely filed within the 300 day limitation period. [Dkt. 1-2.]

On May 24, 2010, Plaintiff filed his Complaint pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 621 ("ADEA") and the American with Disabilities Act, 42 U.S.C. § 12101 ("ADA"). [Dkt. 1 at 1-2.] Mr. Gilbert had not raised either his ADEA claim or his ADA claim with the EEOC in his Charge. [Dkt. 1-1.] In addition to his federal claims, Mr. Gilbert seeks back-pay, and claims that he "came to the realization that the defendant paid me [$44,000] less than they should have for 5 ½ years." [*Id.*]

## II.

### STANDARD OF REVIEW

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). A claim only has facial plausibility when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged[,]" not when the plaintiff only raises a "sheer possibility that the defendant has acted unlawfully." *Id*. In considering these issues, we accept all well-pleaded facts as true, draw all inferences in favor of the plaintiff, and resolve all ambiguities in favor of the plaintiff. *Canedy v. Boardman*, 16 F.3d 183, 188 (7th Cir.1994). Moreover, in reviewing a pro se complaint, we must employ standards less stringent than if the complaint had been drafted by counsel. *Del Raine v. Williford*, 32 F.3d 1024, 1050 (7th Cir.1994).

# III.

## DISCUSSION

Truegreen seeks to dismiss Mr. Gilbert's complaint because it is time-barred by the statute of limitations and because Mr. Gilbert failed to exhaust his administrative remedies before filing his Complaint. [Dkt. 10.]

   a) **Is Mr. Gilbert's Complaint Time-Barred?**

Dismissal of a complaint is appropriate where the pleading reveals on its face that it is barred by the relevant statute of limitations. *Miller v. United Parcel Service, Inc.*, 2008 U.S. Dist. LEXIS 3753 * 6 (S.D. Ind. Jan. 15, 2008). In an employment discrimination case, a cause of action accrues, and the statutory clock begins to tick, once an employee discovers, or reasonably should have discovered, that he or she might have been the victim of a discriminatory employment practice. *Fairchild v. Forma Scientific, Inc.*, 147 F. 3d 567, 574 (7th Cir. 1998). "A . . . plaintiff [must] file a charge of discrimination with the EEOC within 300 days of the alleged discriminatory act." *Doe v. R.R. Donnelley & Sons Co.*, 42 F.3d 439, 445 (7th Cir. 1994) (recognizing that in Indiana, a charge must be filed within 300 days of the occurrence of the act that is the basis of the complaint). If an employee fails to file a complaint with the EEOC in a timely fashion, any subsequent lawsuit based on the complaint will also be time-barred. *Koch v. CGM Group, Inc.*, 2001 U.S. Dist. LEXIS 5558 * 11 (S.D. Ind. Apr. 3, 2001).

Here, Mr. Gilbert admits that the latest date any discriminatory act could have occurred was October 15, 2008. [Dkt. 1-1 at 1.] He therefore had until August 11, 2009 to file a charge of discrimination with the EEOC. Mr. Gilbert did not file his Charge until April 22, 2010 – over eight months after the limitation period had expired. In his Complaint, Mr. Gilbert concedes that he did not timely file a charge of discrimination with the EEOC or the Indiana Civil Rights Commission. [Dkt. 1 at 2.]

Because Mr. Gilbert did not file his Complaint within the statute of limitations, the Court finds that his claims for discrimination under the ADEA and the ADA are time-barred.

**b) Has Mr. Gilbert Exhausted His Administrative Remedies?**

It is well established that raising a particular claim at the administrative level is a condition precedent to raising the matter in subsequent litigation. *Doe v. Oberweis Dairy*, 456 F.3d 704, 708-09 (7th Cir. 2006) (a charge filed with a federal or state agency will limit the claims the complainant may raise in litigation). For a claimant to have exhausted his administrative remedies, the claims in the complaint must have been included in the EEOC charge or must be reasonably related to the allegations of the charge. *Miller*, 2008 U.S. Dist. LEXIS 3753 at *11; *Khan v. Eli Lilly and Co.*, 2008 U.S. Dist. LEXIS 24791 *32 (S.D. Ind. Mar. 27, 2008).

In the context of employment discrimination specifically, the Seventh Circuit has held that a complaint may only include a claim not brought in an EEOC charge if the plaintiff shows that (1) the claim in the complaint is "like or reasonably related" to the allegations in the EEOC charge; and (2) the claim in the complaint was expected to grow out of an EEOC investigation of the charge. *Harper v. Godfrey Co.*, 45 F. 3d 143, 148 (7th Cir. 1995). When an EEOC charge alleges a particular theory of discrimination, allegations of a different type of discrimination in a subsequent complaint are only reasonably related if the allegations in the complaint can reasonably be inferred from the facts alleged in the charge. *Id*. To be reasonably related, the charge must describe the same conduct and implicate the same individuals. *Cheek v. Western & Southern Life Ins. Co.*, 31 F.3d 497, 501 (7th Cir. 1994).

Here, Mr. Gilbert complained in his Charge that he was only terminated on the basis of his race in violation of Title VII. [Dkt. 1-1.] Specifically, he alleged that while he was employed, he "was not afforded the same benefits, wages, and terms of employment as white employees." [Dkt.

1-1 at 1.] He further alleged that he was terminated for "protesting the terms and conditions of his employment." [*Id.*]

In his Complaint, Mr. Gilbert now asserts age and disability discrimination under the ADA and the ADEA. [Dkt. 1 at 1-2.] Specifically, he says that his employer withheld $44,000 in wages over five-and-a-half years. [*Id.*] In his brief opposing Trugreen's Motion to Dismiss, Mr. Gilbert further states that he was fired for getting sick and wearing a respirator to work (which he had never been told not to do) in 2008. [Dkt. 14 at 1-2.]

Because Mr. Gilbert's age and disability discrimination claims are unrelated to his claims of race discrimination, the Court finds that the conduct he describes in his Complaint is outside the scope of what he alleged in his Charge. Therefore, the Court must find that Mr. Gilbert did not properly exhaust his administrative remedies before filing this federal action and grant Trugreen's Motion to Dismiss.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Trugreen's Motion, [dkt. 10], and accordingly dismisses Mr. Gilbert's Complaint. To the extent Mr. Gilbert's Complaint can be read to include any state law wage claims, those claims are more properly heard in state court, and the dismissal herein is without prejudice to pursuit of any state law wage claims. [Dkt. 10.] Judgment will issue accordingly.

11/01/2010

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Michael W. Padgett
JACKSON LEWIS LLP

padgettm@jacksonlewis.com

GREGORY T. GILBERT
P.O. Box 501931
Indianapolis, IN 46250